UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ANTWYONE LYNCH,
Plaintiff,

v.

K. WILEY, et al.,
Defendants.

Case No. 26-cv-05250 NC (PR)

**ORDER OF SERVICE; DIRECTING DEFENDANTS TO FILE DISPOSITIVE MOTION OR NOTICE REGARDING SUCH MOTION; INSTRUCTIONS TO CLERK**

Plaintiff, a state inmate, filed a *pro se* civil rights complaint under 42 U.S.C. § 1983 against prison staff at the Correctional Training Facility ("CTF") where he is currently incarcerated. Dkt. No. 1 at 2. Plaintiff filed consent to magistrate jurisdiction. Dkt. No. 5. Plaintiff's motion for leave to proceed *in forma pauperis* will be addressed in a separate order.

**DISCUSSION**

**A. <u>Standard of Review</u>**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim

upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See id.* § 1915A(b)(1),(2). Pro se pleadings must, however, be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

**B. <u>Plaintiff's Claims</u>**

Plaintiff alleges that Defendants K. Wiley, M. Deverick, E. Vasquez, and A. Forouzadeh subjected him to cruel and unusual punishment by being deliberately indifferent to his unconstitutional conditions of confinement. Dkt. No. 1 at 10-11. Specifically, Plaintiff alleges that on August 27, 2025, Defendant Deverick issued a memorandum prohibiting any window coverings in the cells and that violations would result in the issuance of a Rules Violation Report ("RVR"). *Id.* at 8. Plaintiff alleges that Defendant Deverick and other CTF prison officials had knowledge that multiple window panels were missing from hundreds of cells at CTF and were not replaced. *Id.* at 9. In October 2025, CTF began an "aggressive enforcement" of Defendant Deverick's memorandum. *Id.* at 9. This included Defendants Forouzadeh and Wiley directing Plaintiff to remove the window coverings from the multiple missing window panels in his cell which he placed to protect himself from inclement weather and extreme cold temperatures. *Id.* Plaintiff alleges that Defendant Vasquez conducted a cell search and directed Plaintiff to remove the window coverings in his cell or receive an RVR. *Id.* Plaintiff alleges Defendant Vasquez failed to submit the necessary work order to have the missing window panels replaced. *Id.* Plaintiff removed the coverings and was subjected to the cold from October 2025 through January 2026. *Id.* Plaintiff contracted a cold, suffered an ear injury and aggravated allergies, and was subjected to flies, insects and bugs entering his cell. *Id.* at 9-10. On January 5, 2026, Plaintiff submitted an appeal of his grievance,

United States District Court
Northern District of California

alleging deliberate indifference, failure to protect from extreme cold, and negligence. *Id.* at 10. Only after Plaintiff filed the appeal did prison officials finally come and replace the multiple window panels. *Id.* Plaintiff seeks compensatory and punitive damages. *Id.* at 12.

The Constitution does not mandate comfortable prisons, but neither does it permit inhumane ones. *See Farmer v. Brennan*, 511 U.S. 825, 832 (1994). The treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment. *See Helling v. McKinney*, 509 U.S. 25, 31 (1993). The Amendment also imposes duties on prison officials, who must provide all prisoners with the basic necessities of life such as food, clothing, shelter, sanitation, medical care and personal safety. *See Farmer*, 511 U.S. at 832. A prison official violates the Eighth Amendment when two requirements are met: (1) the deprivation alleged must be, objectively, sufficiently serious, *Farmer*, 511 U.S. at 834 (citing *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)), and (2) the prison official possesses a sufficiently culpable state of mind, *id.* (citing *Wilson*, 501 U.S. at 297).

To run afoul of the Eighth Amendment, prison conditions typically must imperil prisoners' physical health or safety. *Nielsen v. Thornell*, 101 F.4th 1164, 1174 (9th Cir. 2024). The more basic the need, the shorter the time it can be withheld. *See Johnson v. Lewis*, 217 F.3d 726, 731 (9th Cir. 2000). Substantial deprivations of shelter, food, drinking water or sanitation for four days, for example, are sufficiently serious to satisfy the objective component of an Eighth Amendment claim. *See id.* at 732-733.

Plaintiff's allegations are sufficient to state an Eighth Amendment based on Defendants' deliberate indifference to the extreme cold that Plaintiff suffered for approximately four months.

///

///

///

## CONCLUSION

For the foregoing reasons, the Court orders as follows:

1. The following Defendants shall be served at CTF:

   **a. Captain K. Wiley**

   **b. Associate Warden M. Deverick**

   **c. Correctional Officer E. Vasquez**

   **d. Correctional Officer A. Forouzadeh**

2. Service on the listed defendant(s) shall proceed under the California Department of Corrections and Rehabilitation's (CDCR) e-service program for civil rights cases from prisoners in CDCR custody. In accordance with the program, the clerk is directed to serve on CDCR via email the following documents: the operative complaint and any attachments thereto, Dkt. No. 1, this order of service, and a CDCR Report of E-Service Waiver form. The Clerk also shall serve a copy of this order on the plaintiff.

**The Clerk shall also include a magistrate judge jurisdiction notice and consent form, which Defendants must return in the time provided by the notice.**

No later than 40 days after service of this order via email on CDCR, CDCR shall provide the court a completed CDCR Report of E-Service Waiver advising the court which defendant(s) listed in this order will be waiving service of process without the need for service by the United States Marshal Service (USMS) and which defendant(s) decline to waive service or could not be reached. CDCR also shall provide a copy of the CDCR Report of E-Service Waiver to the California Attorney General's Office which, within 21 days, shall file with the court a waiver of service of process for the defendant(s) who are waiving service.

Upon receipt of the CDCR Report of E-Service Waiver, the clerk shall prepare for each defendant who has not waived service according to the CDCR Report of E-Service Waiver a USM-205 Form. The clerk shall provide to the USMS the completed USM-205 forms and copies of this order, the summons and the operative complaint for service upon

United States District Court
Northern District of California

each defendant who has not waived service. The clerk also shall provide to the USMS a copy of the CDCR Report of E-Service Waiver.

3. No later than **ninety-one (91) days** from the date this order is filed, Defendants shall file a motion for summary judgment or other dispositive motion with respect to the claims in the complaint found to be cognizable above.

a. Any motion for summary judgment shall be supported by adequate factual documentation and shall conform in all respects to Rule 56 of the Federal Rules of Civil Procedure. Defendants are advised that summary judgment cannot be granted, nor qualified immunity found, if material facts are in dispute. If any Defendant is of the opinion that this case cannot be resolved by summary judgment, he shall so inform the Court prior to the date the summary judgment motion is due.

b. **In the event Defendants file a motion for summary judgment, the Ninth Circuit has held that Plaintiff must be concurrently provided the appropriate warnings under *Rand v. Rowland*, 154 F.3d 952, 963 (9th Cir. 1998) (en banc). *See Woods v. Carey*, 684 F.3d 934, 940 (9th Cir. 2012).**

4. Plaintiff's opposition to the dispositive motion shall be filed with the Court and served on Defendants no later than **twenty-eight (28) days** from the date Defendants' motion is filed.

Plaintiff is also advised to read Rule 56 of the Federal Rules of Civil Procedure and *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986) (holding party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential element of his claim). Plaintiff is cautioned that failure to file an opposition to Defendants' motion for summary judgment may be deemed to be a consent by Plaintiff to the granting of the motion, and granting of judgment against Plaintiff without a trial. *See Ghazali v. Moran*, 46 F.3d 52, 53–54 (9th Cir. 1995) (per curiam); *Brydges v. Lewis*, 18 F.3d 651, 653 (9th Cir. 1994).

5. Defendants *shall* file a reply brief no later than **fourteen (14) days** after

Plaintiff's opposition is filed.

6. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the Court so orders at a later date.

7. All communications by the Plaintiff with the Court must be served on Defendants, or Defendants' counsel once counsel has been designated, by mailing a true copy of the document to Defendants or Defendants' counsel.

8. Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16-1 is required before the parties may conduct discovery.

9. It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address by filing a separate paper with the Clerk headed "Notice of Change of Address." He also must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

10. Extensions of time must be filed no later than the deadline sought to be extended and must be accompanied by a showing of good cause.

**IT IS SO ORDERED.**

**Dated: September 15, 2026**

NATHANAEL M. COUSINS
United States Magistrate Judge